(No. 22261.—

THE HUDSON JOHNSON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LORETTA LYNN, Defendant in Error.)

*Opinion filed April 21, 1934—Rehearing denied June 8, 1934.*

BERNARD F. MARTIN, and CHARLES A. O'CONNOR, for plaintiff in error.

McCARTHY & TOOMEY, (FRANK A. McCARTHY, and JAMES C. O'BRIEN, JR., of counsel,) for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Raymond J. Lynn, an automobile salesman for the Hudson Johnson Company, plaintiff in error herein, died as a result of injuries received when his automobile collided

with another shortly after nine o'clock on the morning of January 12, 1931, at the corner of Woodlawn and Prairie streets, in the residential section of Aurora, Illinois. He was survived by his widow, Loretta Lynn, defendant in error. An application for adjustment of claim under the Workmen's Compensation act was filed by defendant in error. On a hearing before an arbitrator an award in favor of the widow was made on April 20, 1931, in the sum of $15 a week for a period of 250 weeks, as provided by paragraph (a) of section 7 of the Workmen's Compensation act then in force. The award was confirmed and ordered to stand as the decision of the Industrial Commission on December 7, 1931. The decision of the Industrial Commission was confirmed on October 27, 1933, by the circuit court of Kane county on *certiorari.* A writ of error was allowed by this court.

The sole question presented is whether Lynn's death resulted from an accident arising out of and in the course of his employment. The record shows that Lynn had been employed about four months by the Hudson Johnson Company to sell automobiles. He devoted his time exclusively to this work. The company furnished him with an automobile only when he went to make calls for the purpose of demonstrating them and closing sales. The record shows that he drove his own automobile while looking for prospective purchasers and while he was negotiating sales for the company. He had no regular hours of work. C. I. Pecoy testified before the commission that he quite often went with Lynn to sell cars. He said: "When I was off work I was with him any time from eight or nine o'clock in the morning until two o'clock the next morning, different times. We were never fussy about when we made the sales." Lynn had no set territory. He was expected to report to work every morning, but it does not appear that there was any definite hour at which he had to be at the office. The record discloses that on the morn-

ing of the accident he was on a route that he sometimes took to go to the office of the plaintiff in error. The sales manager, Evans, testified that Lynn had an appointment with a prospective purchaser in Batavia at one o'clock in the afternoon of the day he was injured. Evans kept the appointment after Lynn was injured. Plaintiff in error contends that this appointment was too far removed from the scene of the collision. It urges that Lynn had not yet begun work on that day and was merely on his way to work when he was killed. However that may be, there is evidence in the record that on that same day Lynn had an appointment early in the morning before he went to the office.

We have set forth enough evidence to show that Lynn was allowed a wide latitude as a salesman for the plaintiff in error. The employer produced no witnesses, and, in the absence of any evidence to the contrary, the fair inference is educed that Lynn at the time of the accident was performing the duty imposed upon him by his contract of employment. *Swift & Co.* v. *Industrial Com.* 350 Ill. 413; *Kennedy-Van Saun Manf. Co.* v. *Industrial Com.* 355 id. 519.

Whether an employee is injured in the course of his employment is a question of fact. The arbitrator, the Industrial Commission and the circuit court have found that Lynn was killed in the course of his duties as a salesman for the plaintiff in error. There was no dispute as to the evidence, and we are of the opinion that their conclusion was fully justified. We will not disturb a finding of the arbitrator and Industrial Commission which has been affirmed by the circuit court unless it is against the manifest weight of the evidence.

The judgment of the circuit court of Kane county is affirmed.

*Judgment affirmed.*